## MATTHEWS v. HUWE, TREAS.
## MATTHEWS v. HUWE, TREAS.

*County commissioners—Intercounty highway improvements—Interest chargeable only on deferred assessment payments—Section 1216, General Code—State aid available without petition by abutting owners—Single contract for entire improvement not necessary—Publication of notice to property owners sufficient, when—Section 1214, General Code.*

1. County commissioners are entitled to charge only six per cent. interest on deferred payments of assessments under Section 1216, General Code, providing for assessments payable in installments for the redemption of bonds issued for road improvements.

2. County commissioners may apply for state aid for the improvement of an intercounty highway although a petition signed by twenty-five per cent. of the abutting property owners has not been filed.

3. Where county commissioners make application for state aid for the improvement of all that part of a certain intercounty highway situated in their county, and file therewith their certified resolution that public interest demands such improvement, which is approved by the state highway commissioner, such county commissioners are not bound to proceed under one contract with the entire improvement of the highway named in the application and approved by the highway commissioner.

4. Notice by publication of a proposed assessment for the improvement of a certain section of an intercounty highway, made according to the provisions of Section 1214, General Code, is sufficiently definite to apprise the property owners affected by the assessment, where such notice refers to the particular section of the road to be improved and designates the area subject to the assessment, although it does not give the names of the property owners or description of the individual tracts of land.

[1] Highways, 29 C. J. § 512; [2] Id., 29 C. J. § 318 (Anno.); [3] Id.; [4] Id., 29 C. J. § 507.

5. In order to assess for such improvement property that is within one-half mile of the proposed improvement, but not abutting thereon, it is not necessary under Section 1214, General Code, that an amount be assessed greater than ten per cent. of the cost of the improvement.

(Decided April 16, 1923.)

APPEAL: Court of Appeals for Hamilton county.

Mr. Mortimer Matthews, for plaintiff.
Mr. Charles S. Bell, prosecuting attorney, and Mr. Chester S. Durr, assistant prosecuting attorney, for defendant.

BUCHWALTER, J. The two actions were heard on appeal. Plaintiff in each cause is the owner of real estate, sought to be assessed for a portion of the expenses of improving a highway known as Section X of the Glendale and Milford road, also known as Intercounty Highway No. 46. An order is asked enjoining the defendant from collecting the assessment levied on the real estate situated within one-half mile of such improvement.

Numerous questions are raised.

First: That the county commissioners are entitled to charge only six per cent. interest on deferred payments, under Section 1216, General Code, where, in the present instance, interest was charged in the same amount as was required for the payment of the interest on bonds issued, pay-able in ten years, which when computed made the interest on the deferred payments of the assessment about ten per cent.

[5] Highways, 29 C. J. § 505 (Anno.).

That portion of Section 1216, General Code, which provides for payment, when bonds are issued, is as follows:

"In the event that bonds are issued to pay the costs and expenses of such improvement the principal sum of such assessments shall be payable in such number of equal semi-annual installments as will provide a fund for the redemption of the bonds so issued and such assessments shall bear interest from the date of and at the same rate as the bonds, and the interest shall be collected in like manner as the principal of such assessments."

The plain purport of this section is that if bonds are issued bearing six per cent. interest coupons, deferred payments shall bear interest at six per cent. from the date of the bonds. This contemplates the issuance of serial bonds, which become due from time to time as installments are paid by the property owners. To charge interest on assessment payments already made is not contemplated by this act.

The resolution of the board of county commissioners of July 9, 1920, does not contemplate interest on any assessments except those which are unpaid; nor does the notice of the clerk of the board to the county auditor of the same date.

The case of *Wilcox* v. *Village of Edgerton,* 103 Ohio St., 267, relied on by defendant, does not authorize a higher rate of interest on deferred installments than the rate of interest on the bonds.

The interest on installment payments of assessments in excess of six per cent. will therefore be enjoined.

Second: That the county commissioners are without jurisdiction to apply for state aid unless a petition has first been filed by twenty-five per cent. of the abutting property owners.

Section 1204, General Code, provides:

"The county commissioners may, without the presentation of any petition, make application to the state highway commissioner for aid in the construction of intercounty highways or main market roads under the provisions of this chapter and nothing herein shall in any way restrict their right to make such application."

It is contended by the plaintiff that the county commissioners have authority to act without a petition only when a new intercounty highway is to be built.

Section 1189, General Code, provides how such intercounty highways are established, to-wit: they are designated by the state highway commissioner. However, if the application as made was improper, that might warrant the state highway commissioner in refusing to extend state aid, but would not make the proceedings and assessment void. The county commissioners may improve intercounty highways under Section 1203, or the state may make such improvements under Section 1202, or it may be done jointly. The county commissioners are also given authority to extend the assessment over areas not actually abutting on the road in question. The action of the commissioners in applying for state aid in the improvement of the road in question was authorized under the law.

Third: That the county commissioners made ap-

plication for state aid for the improvement of all that part of Intercounty Highway Number 46 situated in the county of Hamilton, nine and one-half miles in length, and filed therewith their certified resolution that the public interest demanded said improvement, which was approved by the highway commissioner.

It is maintained that under this application and resolution the county commissioners did not have jurisdiction to improve Section X, but the improvement should have been for the entire roadway covered by the resolution, and that, therefore, the commissioners, acting without jurisdiction in constructing Section X, the assessments are void.

The commissioners, by resolution, and in the published notice, advised the owners of real estate within the assessment zone that Section X, which was therein described, was to be improved, and a hearing was had as to this section of the improvement. Later, notice was again published, according to law, advising that a hearing was to be had on the proposed assessments for said Section X. Objections could have been presented at these hearings. The record does not disclose that Section X is the only portion of such highway which is to be improved. The fact that the state highway department approved the entire improvement and authorized its completion does not bind the commissioners to proceed with the entire improvement under one contract. It does authorize that the entire work be done, and that funds will be available from state moneys, as the improvement is made.

Fourth: That it is necessary to the validity of an assessment on real estate other than general taxes that notice be given to the owner, and an opportunity afforded to be heard in opposition or defense. It is admitted that he is not entitled to personal service, but it is insisted that such notice be given as will fairly apprise him of the pendency of the assessment proceedings, so as to give him an opportunity for a hearing upon the merits.

The notice by publication referred to Section X of the Glendale and Milford road, also known as Intercounty Highway No. 46, and designated the area subject to the assessment. The notice did not give the names of the property owners or any description of the individual tracts of land. However, publication was made according to the provisions contained in Section 1214, General Code, and we consider it was sufficiently definite to apprise the plaintiff of the action which was being taken for the improvement of the roadway, and of the time when hearing was to be had upon the assessments.

Fifth: That inasmuch as plaintiff's property does not abut upon the improvement, but has access upon a parallel county road, and is not dependent upon Intercounty Highway No. 46, Section X, no special benefits were conferred.

The plaintiff's real estate which was assessed was within the area included within one-half mile of the intercounty highway. The evidence as set forth in the record does not establish that the assessment was unfair. On receiving the report of the county surveyor, apportioning the amounts

on the property specially assessed, the commissioners, after hearing, confirmed the assessments, and found the property in question to have been specially benefited in the amount as levied against the same.

No written objection was filed with the commissioners, as provided for in Section 1214, General Code:

"If any owner of property affected thereby desires to make objections he may file his objection to said assessment in writing with the county commissioners or township trustees, as the case may be, before the time for said hearing."

The section further provides that the commissioners may act as an equalizing board, may change assessments, and then shall approve and confirm the assessments, as reported by the surveyor or as modified by them. When so approved and confirmed, they shall be a lien on the land chargeable therewith.

Sixth: That the apportionment and assessment were not made according to benefits, but were arbitrarily made, one-third on the property fronting on the highway, one-third on the area, and one-third on the value of the different tracts.

The commissioners recommended that the apportionment should be made in the above manner. However, it was for the surveyor to make an apportionment, according to benefits, and the method suggested by the commissioners in no way bound him. He made such a report, and the board of county commissioners, after a hearing, of which notice was duly given, approved and confirmed that report, and made a finding that the assessments were made according to special

benefits accruing to the land. Objections could have been made, as heretofore stated, if the apportionment was unfair or inequitable.

Seventh: That the county commissioners, by resolution, waived contribution from the townships, in which Section X is situated, of any part of the cost of. improving said section, but did not assess upon the property owners any amount in excess of ten per cent. of the total cost, and it is claimed that the real estate within the one-half mile area on both sides of Section X of the highway could not be assessed under Section 1214, General Code, but only the property actually abutting on the improvement could be charged; that to charge the other property an amount must be assessed greater than ten per cent. of the cost of the improvement.

Section 1214, General Code, says, "and provided further, that the county commissioners by a resolution passed by unanimous vote may make the assessment of ten per cent. or more, as the case may be, of the cost and expense of improvement against the real estate within one-half mile of either side of the improvement or against the real estate within one mile of either side of the improvement."

Section 1214-1 also gives authority to the board of county commissioners to assess all or any part of the compensation, damages, costs and expenses of constructing a road improvement against the real estate abutting upon said improvement, or the real estate situated within one-half mile on either side thereof. Therefore, the fact that only ten per cent. of the costs was assessed did not

make the assessment upon lands within the one-half mile area illegal or void.

Eighth: It is further contended that the inter-county highway in question is not a local improvement, and appears to be for general public benefit, and that the General Assembly was without power to provide for local assessments upon property owners for this improvement.

The right of the Legislature to authorize an assessment for special benefits to property, growing out of a public improvement, was fully discussed, and the power to so do established, in *County of Miami* v. *City of Dayton*, 92 Ohio St., 215, at 235:

"Innumerable instances are available in our jurisprudence with reference to public improvements, such as turnpike roads, ditches and the like, where the legislature has delegated to township trustees, county commissioners or other bodies, authority to lay out and organize districts for the construction of such improvement and for taxing or assessing the lands benefited thereby, and such enactments have been almost uniformly held valid; that is, that they were not a delegation of legislative power as prohibited by the constitution."

We find that under the law the county commissioners were authorized to levy assessments on the property in question; that their proceedings were had in conformity to law; and that the assessments are valid. Having failed to pay in cash, the assessments covering a period of ten years are a lien on the real estate.

A restraining order will be granted to prevent

the collection of interest charges in excess of six per cent. on the deferred payments. As to all other matters, a restraining order will be denied.

*Decree accordingly.*

Cushing and Hamilton, JJ., concur.